Case 4:25-cv-04981   Document 17   Filed on 11/25/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SEBASTIAN MARTINEZ MENDEZ, | § |
| Petitioner, | § § § |
| VS. | §   CIVIL ACTION NO. 4:25-CV-04981 |
| KRISTI NOEM, *et al.*, | § § § |
| Respondents. | § § |

## ORDER

Before the Court are Petitioner Sebastian Martinez Mendez's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Answer and Motion for Summary Judgment (Doc. #13), and Petitioner's Response (Doc. #15). The Court heard oral argument on November 19, 2025. Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

**I.   Background**

Petitioner Sebastian Martinez Mendez ("Petitioner") is a citizen of Mexico who entered the United States without inspection on or about March 2008. Doc. #1, Ex. 2 at 2; Doc. #13 at 2. In May 2019, Petitioner was detained by immigration officials. Doc. #13 at 2. On May 10, 2019, U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear before an Immigration Judge. Doc. #1, Ex. 2 at 2–3; Doc. #13 at 2. That same day, the Department of Homeland Security ("DHS") released Petitioner on his own recognizance, [i]n accordance with section 236 of the Immigration and Nationality Act." Doc. #1, Ex. 2 at 5–8. Among other conditions, Petitioner was ordered to report for hearings and interviews as directed, to surrender

for removal if ordered, and to comply with local, state, and federal law. *Id.* at 5.

Petitioner's wife, a U.S. citizen, filed a family-based visa petition on his behalf, which the U.S. Citizenship and Immigration Services ("USCIS") approved on August 15, 2023. Doc. #1, Ex. 2 at 10. On September 26, 2023, the Immigration Judge subsequently granted Petitioner's motion to administratively close his removal proceedings. *Id.* at 13. On November 22, 2023, Petitioner filed an Application for Provisional Unlawful Presence Waiver to continue pursuing lawful permanent residence. *Id.* at 15; Doc. #1 ¶ 42. That Application remains pending before USCIS. Doc. #1 ¶ 42. On October 9, 2025, Petitioner was re-detained by ICE during a routine check-in appointment.[1] Doc. #1 ¶¶ 6, 44. On October 17, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus before this Court. Doc. #1. On November 12, 2025, Respondents moved for summary judgment. Doc. #13. The Court heard oral argument on November 19, 2025. At the November 19th hearing, Respondents confirmed that Petitioner has no criminal history aside from his unlawful entry into the United States. Respondents further confirmed that Petitioner had previously complied with the conditions of his prior release.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014)

---

[1] The record is unclear as to Petitioner's current place of detention. Petitioner identifies two different facilities—the Montgomery Processing Center and the Houston ICE Processing Center. Doc. #1 ¶¶ 9, 45. Respondents have not clarified which facility is currently holding Petitioner.

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III.  Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #13 at 6–15. The Court will address each argument in turn.

### a. Exhaustion of Administrative Remedies

Respondents first argue that the Petition for Writ of Habeas Corpus should be denied because Petitioner failed to exhaust his administrative remedies. Doc. #13 at 6–8. In the immigration context, "exhaustion of administrative remedies is statutorily required only on appeals from final orders of removal." *Hniguira v. Mayorkas*, No. CV H-23-3314, 2024 WL 1201634, at *6 (S.D. Tex. Mar. 20, 2024) (citing 8 U.S.C. § 1252(d)(1)). Here, Petitioner is not seeking review of a final removal order. Accordingly, exhaustion is not statutorily required in this case. *See Fuentes v. Lyons*, 5:25-cv-153, at 5–6 (S.D. Tex. Oct. 16, 2025) (holding the same where petitioner was not seeking review of a final removal order).

Nevertheless, Respondents argue that Petitioner must seek a bond and, if that request is denied, appeal to the Board of Immigration Appeals ("BIA") and obtain a decision before this matter can be considered administratively exhausted. Doc. #13 at 7. In his Response, Petitioner argues that filing a bond request would be patently futile. Doc. #15 at 4–5. The Court agrees. Although exhaustion is generally required before administrative actions are subject to federal judicial review, "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). As the parties have noted, the BIA has recently held that Immigration Judges lack authority to consider bond requests from noncitizens "who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025). Requiring Petitioner to file a bond request while Respondents contend that he is subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A) would be a patently futile course of action. *See*

*Fuentes*, 5:25-cv-153, at 6–7 (holding the same). Accordingly, exhaustion does not bar the Court's review.

### b. Statutory Authority to Detain Petitioner

Respondents next argue that the Petition for Writ of Habeas Corpus should be denied because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #13 at 8–15. The Court notes that this case is one of many recent lawsuits filed challenging the federal government's authority to detain noncitizens during the pendency of removal proceedings under 8 U.S.C. § 1225(b). *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025) (noting the "tsunami" of similar cases filed nationwide). Two statutes principally govern the detention of noncitizens awaiting removal proceedings: 8 U.S.C. §§ 1225 and 1226. The central question at issue in this case is whether Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), which mandates detention during removal proceedings, or whether he instead falls under 8 U.S.C. § 1226(a), which authorizes discretionary detention and affords a bond hearing before an Immigration Judge.

Petitioner argues that he is subject to discretionary detention under 8 U.S.C. § 1226(a), which is the default provision for noncitizens who previously entered and are now residing in the United States. Doc. #15 at 5–6. Respondents maintain that 8 U.S.C. § 1225(b)(2)(A) controls because Petitioner is an "applicant for admission" and is therefore subject to mandatory detention. Doc. #13 at 8. "[F]or decades the courts and DHS have interpreted § 1225(b)(2) to apply to noncitizens who seek admission upon arrival at ports of entry or near the border, and have interpreted § 1226(a) to apply to noncitizens already present in the United States." *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). The vast majority of district courts to address this statutory question have "concluded that the government's position

belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice." *Fuentes*, 5:25-cv-153, at 10 (quoting *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025)); *see, e.g., Buenrostro-Mendez*, No. CV H-25-3726, 2025 WL 2886346, at *3; *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *4 (S.D. Tex. Oct. 8, 2025) (collecting cases). By contrast, at least one court within the Southern District of Texas has accepted Respondents' broader view of 8 U.S.C. § 1225(b)(2)(A). *See Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *5 (S.D. Tex. Nov. 13, 2025) ("That Petitioner has resided in the United States without valid permission for years . . . doesn't render § 1225(b)(2)(A) inapplicable.").

With this disagreement noted, the Court finds that the greater weight of authority supports applying 8 U.S.C. § 1226(a) to individuals, like Petitioner, who have long been present in the United States. *See Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025) (collecting cases). Petitioner has lived in the United States for more than seventeen years. Doc. #13 at 2. Furthermore, his immigration history reflects that federal officials have previously treated Petitioner as subject to 8 U.S.C. § 1226. On May 10, 2019, Petitioner was released "[i]n accordance with section 236 of the Immigration and Nationality Act" and on his "own recognizance." Doc. #1, Ex. 2 at 5. Section 236 of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226. *Rodriguez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *5. Additionally, Petitioner's Notice to Appear expressly identified him as "an alien present in the United States" and not an "arriving alien." *Id.* at 2. Taken together, these undisputed facts confirm that Petitioner does not fall within the statutory category of individuals "seeking admission" under the plain terms of § 1225(b)(2)(A). Instead, these facts place him squarely within 8 U.S.C. § 1226(a), which applies to noncitizens who previously entered and are now

residing in the United States.

Finally, nothing in the record suggests that Petitioner poses any threat to the security or safety of the United States. At the November 19th hearing, Respondents confirmed that Petitioner has no criminal history aside from his unlawful entry into the United States and that he had fully complied with the conditions of his prior release. Additionally, the decision to release Petitioner on his own recognizance six years ago, "in and of itself, reflects a determination by the government that [Petitioner] is not a danger to the community or a flight risk." *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *9 (W.D. Tex. Oct. 21, 2025) (internal quotation and citation omitted).

Consistent with its prior decisions addressing the same legal question, the Court concludes that Petitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful. *See Ortega-Aguirre v. Noem, et al.*, No. 4:25-cv-4332, at 3–5 (S.D. Tex. Oct. 10, 2025) (holding the same); *Ascencio-Merino v. Dickey et al.*, No. 4:25-cv-4904, at 3 (S.D. Tex. Oct. 21, 2025) (same); *Gamez-Chinchilla v. Dickey et al.*, No. 4:25-cv-4427, at 3 (S.D. Tex. Oct. 29, 2025) (same). In habeas proceedings, a district court has equitable discretion in determining the appropriate remedy "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Consistent with its prior decisions addressing similar circumstances, the Court finds that the appropriate remedy is immediate release. *See Ortega-Aguirre*, No. 4:25-cv-4332, at 7–8 (ordering the same); *Ascencio-Merino*, No. 4:25-cv-4904, at 5 (same); *Gamez-Chinchilla*, No. 4:25-cv-4427, at 5 (same).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #13. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1. Finally, Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is

DENIED as MOOT. Doc. #8.

It is hereby ORDERED that:

1. Respondents shall effect Petitioner's immediate release from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;
2. Petitioner shall re-release Petitioner on his own recognizance subject to the terms of release in effect when he was re-detained.
3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

_____NOV 2 5 2025_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge